## James F. Bishop, Administrator, Appellant, v. Chicago City Railway Company, Appellee.

### Gen. No. 22,688.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917.

### Statement of the Case.

Action by James F. Bishop, administrator of the estate of Anna Temkin, deceased, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for the death of plaintiff's intestate caused by one of defendant's street cars. From a judgment for defendant, plaintiff appeals.

MANCHA BRUGGEMEYER, for appellant.

JOHN E. KEHOE and CHARLES LE ROY BROWN, for appellee; JOHN R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 138*—*when direction of verdict for defendant in action for death is proper.* In an action to recover damages for death alleged to have been due to defendant's negligence in the operation of a street car alleged to have been owned by defendant, where such ownership was denied, and the plaintiff introduced no evidence as to the deceased's care or the negligence of the defendant or the defendant's ownership of the car, *held* that it was proper for the court peremptorily to instruct the jury to find for the defendant.

2. DEATH, § 8*—*when death certificate is inadmissible in evidence.* A death certificate is not admissible in evidence for the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

purpose of showing some collateral fact as the cause of death, in an action to recover damages for death.

3.  DEATH, § 8*—*when physician's death certificate is inadmissible in evidence.*  A death certificate issued by a physician in another State who attended plaintiff's intestate at the time of the latter's death, stating that death was due to the intestate being run over by a street car three months prior to such physician's attendance on the intestate, *held* inadmissible, in an action to recover damages for such death, as being mere hearsay.